UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JAN 18 2019
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

|  |  |
|---|---|
| TIMOTHY BELL,           )  |  |
|                         )  |  |
|      Plaintiff,         )  |  |
|                         )  |  |
| v.                      )  | Civil Action No. 18-2060 (UNA) |
|                         )  |  |
| COLIN S. BRUCE, *et al.*,)  |  |
|                         )  |  |
|      Defendants.        )  |  |

## MEMORANDUM OPINION

The plaintiff brings this action against the federal district judges who presided over, and dismissed, cases the plaintiff had filed in the United States District Court for the Central District of Illinois. He poses a number of questions to the defendants regarding their rationale for ruling as they did.

As a general rule applicable here, judges enjoy absolute immunity from liability for damages for acts taken in their judicial capacity. *See Mirales v. Waco*, 502 U.S. 9 (1991) (finding that "judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); *Stump v. Sparkman*, 435 U.S. 349, 364 (1978) (concluding that state judge was "immune from damages liability even if his [decision] was in error"). Without question, a judge's dismissal of a civil action is an action taken in her judicial capacity. *See Berger v. Gerber*, No. 01-5238, 2001 WL 1606283, at *1 (D.C. Cir. Nov. 20, 2001) (per curiam); *Thomas v. Wilkins*, 61 F. Supp. 3d 13, 19 (D.D.C. 2014), aff'd, No. 14-5197, 2015 WL 1606933 (D.C. Cir. Feb. 23, 2015). Absent any showing by plaintiff that the judge's "actions [were] taken in the complete absence of all jurisdiction," *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993) (citation omitted), she is "immune from damage suits for performance of tasks that are an integral part of the judicial process," *id.* at 1461 (citations omitted).

To the extent that plaintiff seeks injunctive relief, his complaint fails to comply with Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987) (holding that, although *pro se* litigants are held to less stringent standards, they must comply with the Federal Rules of Civil Procedure). Here, Plaintiff has failed to plead any factual allegations substantiating his entitlement to injunctive relief.

The Court will grant the plaintiff's application to proceed *in forma pauperis* and dismiss the complaint and this civil action. An Order consistent with this Memorandum Opinion is issued separately.

DATE: January 15, 2019

_____
United States District Judge